## Burns *v.* Bonner and Hemperly, Appellants.

*Real estate—Brokers—Commissions—Contracts—Case for jury.*

In an action to recover commissions earned in the sale of certain houses, the case is for the jury and a verdict for the plaintiff will be sustained, where evidence is produced, which, although denied by the defendants, was to the effect that the broker was to receive a commission on each house sold, no matter who sold it, except that where the customer had already been shown the house by other real estate brokers, the plaintiff was not to receive a full commission.

Argued November 15, 1920. Appeal, No. 120, Oct. T., 1920, by defendants, from judgment of Municipal Court of Philadelphia, Dec. T., 1918, No. 263, on verdict for plaintiff in the case of Henry M. Burns v. Robert F. Bonner and Galen Hemperly. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $383 and judgment thereon. Defendants appealed.

*Errors assigned* were various rulings on evidence, refusal of defendants' motion for judgment non obstante veredicto and refusal of defendants' second point for charge as follows:

"The testimony shows that under the arrangements as made between the plaintiff and the defendants, no commission was due to the plaintiff until after settlement for the particular house had been made. If the jury find that the attempted agreement of sale drawn up by Mr. Burns for five houses was not approved by Robert F. Bonner, there was no sale, as to these five houses and no commission due to the plaintiff for any such attempted sale."

*Robert P. Shick,* for appellant.

*H. James Sautter,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

This is a suit for commissions for the sale of real estate. The defendants had a number of dwellings and engaged the plaintiff to sell them at a stipulated price. The claim of the plaintiff is set out in his statement in three separate items.

The first is for $50.00 for selling a house. He claims that he was to receive a commission on each house sold no matter who sold it, except that in case the customer had already been shown the house by certain real estate brokers he was not to receive the full commission. This statement the defendants denied. The only course open to the trial judge was to submit it to the jury and they evidently believed the plaintiff's story. The same may be said as to the third count in the statement. It in-

volved a question of fact and was properly submitted to the jury.

The second item was for the sale of five houses at $50.00 per house. The selling price was $4,100.00, but the plaintiff had been advised that the price was to be put up to $4,200.00 on a certain Sunday. On the Saturday preceding, plaintiff secured a customer for the five houses at the price then existing, and advised Bonner, one of the defendants, who was apparently the man in authority, that he had made the sale, and Bonner refused to approve the deal, alleging that he would be a fool to approve the sale when he could get $500.00 more the next day. There was evidence to show that the properties were sold according to the terms indicated by the defendants. Bonner apparently without any good reason failed to comply with his part of the bargain, and the facts as far as we have stated them would entitle plaintiff to recover his commissions. We of course are now considering the plaintiff's testimony as verity. The defense put up against this item is, that under the contract between the parties all agreements were to be approved by Bonner and that nothing should be due until settlement for the properties had been made and the court was asked by the plaintiff to say "If the jury find that no sale was to be made of any house of the said building operation without the approval of the agreement of sale by Robert F. Bonner, there was no sale made except under those agreements which had been approved by Mr. Bonner." This point the court affirmed. This was giving the defendant more than he was entitled to, for the testimony shows that when the defendant was apprised of the sale, he, according to his own narrative told Burns that he would not take the agreement. The testimony was all to the effect that his refusal to pay the plaintiff was due to the fact that he could get a higher price by waiting. When the plaintiff sold the properties he sold them at the price which was then existing and the higher price was not to go into effect until the following day. These facts may

have relieved the plaintiff of any obligation to submit the agreement for defendant's approval. The question of whether defendant was required to approve the contract before the plaintiff was entitled to his commission was submitted to the jury at the request of the defendants. Since it was decided adversely to them, we do not see they have any ground to complain. It is true if we analyze the statement of the plaintiff as elicited by the cross-examination, he seems to agree to the statement which is put in his mouth by the attorney for the defendant that he did not require payment of his commissions until a settlement for the property was made and that Bonner was to approve all agreements, but he had already stated that when the contract which is the subject-matter of this suit was made, the matter of the approval by Mr. Bonner was not discussed, and his subsequent testimony seems to bear out the construction that his submission of the agreements for the approval of Bonner and his not asking for commissions until settlement had been made seems to have a reference more to the course of conduct of the parties than any positive agreement between them. We therefore think as to the third item the finding of the jury should not be set aside.

There was a point submitted to the court to the refusal of which an exception was taken in which the court was asked to instruct the jury that the testimony showed that no commissions were due the plaintiff until after settlement of the particular house had been made. We think the court was right in refusing the point because it assumed a fact whose existence it was the province of the jury to decide.

The fourth point refused is as to matters of counterclaim which are not supported by a proper allegation in defendants' affidavit of defense.

All the assignments of error are overruled and the judgment is affirmed.